Our fourth case for today is Patti Lardas v. Slavko Grcic. Something like that. If there's a better pronunciation of that name, you can tell me, but Mr. Salem, you may proceed. Good morning. Yes, good morning, Your Honor. Lardas. Lardas is the... No, but what about the other name? Christophilus. No, no. And Grcic. Grcic. Grcic. Grcic is the defendant... That's the one I was asking about. Lardas I had no problem with. May it please the court, my name is Maurice James Salem, and I represent the appellants in this case. Counsel? Your Honor, in the district court, my client, Patti Lardas, has standing because what she did was she signed away, she gave up her claim... Mr. Salem, before we get into the merits, I've got a question about appellate jurisdiction. Why are we here? This bankruptcy isn't over. We have what seems to be a dispute about how much of an exception will be granted in the final order in the bankruptcy. Why is that a final decision subject to immediate appeal? Your Honor, the bankruptcy court made a final decision by selling the property for $15,000 and there was... The bankruptcy court obviously made a final decision on an issue but didn't make a final decision on a case. And the Supreme Court held earlier this year in Bullard against Blue Hills Bank that deciding an issue does not suffice. So I'm asking a question about the fallout of the Supreme Court's decision in Bullard. Do we have appellate jurisdiction where the case is continuing? I agree with you, Your Honor, but in this case... I don't know how you can agree with a question... It was a question and it's a question about 158D. Let me just say that the bankruptcy case was consolidated with the district court case. The district court case made a final decision and that's... No, look. Under 158A, it is possible to appeal interlocutory decisions from the bankruptcy judge to the district judge. But if it's interlocutory, that's the end of the line. You can't come to the Court of Appeals automatically. I'm asking a question about the effect of the Supreme Court's decision in Bullard and the difference between 158A and 158D. Your Honor, the only thing I could say is that I'm not prepared to answer that specific question properly. Well, it's something you need to be prepared for. It's the very first question in every appeal. It's required to address this in your jurisdictional statement. Good point. You make a good point, Your Honor. The only thing I could say... And it affects one of the two appeals that we have before us, which is the one that's the bankruptcy part of the case. Yes, Your Honor. Let me say that what I believe with this may be a distinction here. I mean, 158D has a very special definition of a final judgment, but it does refer to a self-contained proceeding inside the bankruptcy that if it were outside bankruptcy would go forward on its own. So you don't necessarily have to wrap up the entire bankruptcy, but you have to have a final decision on this discrete claim inside the bankruptcy. And maybe you can tell us what is still going on in the bankruptcy court to clarify this. Well, Your Honor, I tried to get a final decision on the discharge or whether or not there should be a discharge. I couldn't. There is currently an adversary proceeding pending. It's up for trial in November, and that's where we are on the bankruptcy. But this is a core proceeding, right? Correct. Yeah. Correct. And so I see your point. So I'll tell you what, we won't spend any more time on this. I will ask all parties to submit within, let's say, 14 days simultaneous memos on appellate jurisdiction in the bankruptcy appeal here. And, Your Honor, can we proceed separately on the district court dismissal? You may make whatever other arguments you want to about the bankruptcy case, and you can discuss the district court. The argument I want to make about the bankruptcy court case, Your Honor, is that, to me, when a creditor purchases a cause of action or a lawsuit that's against them and their co-conspirators, there should be a presumption that it's a bad faith purchase or an obstruction of property, and the burden should be on the creditor to show that it is a good faith. In this case, Your Honor, Where do you get that from? There is. You're right. There's no law or case that says that. This is what I believe. In this case, Why? I mean, the trustee's obligation is to maximize the value of the bankruptcy estate. People are allowed to say how much they think various pieces of property are worth. What's wrong with holding them to that? I don't see where this bad faith idea comes in at all. Your Honor, the bankruptcy court is an equitable court, and in a situation when a creditor purchases a lawsuit against themselves and their co-conspirators, there should be People settle lawsuits all the time. I mean, this settlement was lawsuits. Creditors buy assets all the time. I'm not sure that the sinister implications that you're suggesting have anything to do with reality. There is no settlement here, Your Honor. I know there isn't. But when a creditor buys a lawsuit, it's essentially saying, okay, you know, He's settling with the trustee. Yeah, they're settling with the trustee. All right, well, let's proceed forward then. We have overwhelming evidence, a mountain of evidence, that this property has no value. You seem to Go ahead. All right, go ahead. If the property has no value, why are you fighting to keep it? Most people don't spend attorneys' fees to hold on to worthless pieces of garbage. Your Honor, why someone wants something is a question. If someone wants something without any value, that's up to that particular person, that individual personal values. And so I don't think that's something we want to get into here. This, of course, might be related to the question I asked a couple of cases ago, which is the option value of underwater real estate. The price of real estate goes up and down. What's underwater today may be above water tomorrow. And therefore, the real estate has what economists and, for that matter, normal people in the market call option value. That might, of course, explain why it's sold for $15,000. That's a measure of the option value. Your client might be interested in the option value. That's perfectly understandable. But then if you want to list an exemption as $1, well, that's up to the debtor. Well, Your Honor, that was an error. But before I get to that, I cited Statute Title 11 U.S.C. Section 506A2 that requires the court to determine the value, the fair market value of the property. But the court can do that by seeing what somebody's willing to pay for it. And that's what this judge did. Somebody, as it happens, the Gurchicks, were willing to pay $15,000. And you want the district court to have said, oh, I don't want the, you know, $15,000 is the wrong number. It's really $1. And so I'm not going to let the estate have the $15,000 that these people are willing to throw in. And I don't know any case in the bankruptcy area that says that. Your Honor, let me describe the illogic of that. It's perfectly logical. If you were willing to pay $15,000 for something, normal principals in a capitalist economy would think that you think it's worth that. And maybe the other side is laughing away. You know, there are garage sales where sometimes things are not valued the way other people might value them. But it's certainly a good piece of data. But the statute, Section 506, says the way you determine the value is with the replacement cost of that object. For example, if I find someone to buy a tulip flower. So the value of a Picasso painting in bankruptcy is what I would have to pay Clifford Irving to make a fake of it? Because that's the only way to replace it. Well, the statute requires a replacement of the actual thing, not a fake one. Oh, so if Picasso is dead and it therefore can't be replaced, it's worthless in bankruptcy. Even though Sotheby's would be very happy to take it and sell it for a very significant amount of money. Let me present you with this scenario. This is getting weirder and weirder. Let me present you with this scenario. If I find someone to buy a tulip flower from me for $100,000, it doesn't make the value of that flower $100,000. Oh, yes, it does. If you're the trustee and somebody offers to pay $100,000 for the flower, how do you say no? Wouldn't you breach your fiduciary duty as trustee if you turned away the funder? As a matter of fact and as a matter of law, that doesn't make it the fair market value of the flower. Who cares? What makes the fair market value is what it costs me to replace it. Let me do one more on this replacement value. The estate in bankruptcy owns an acre of land in downtown Chicago. It is not possible to create more land in downtown Chicago, so there is no possibility of replacing the asset. There's just this asset. That asset is worthless in bankruptcy. Well, Your Honor, when the statute says that the fair market value is what it costs to replace it, it's basically giving you guidance. It's a metaphor. This is not normally how we treat statutes. They are not excerpts from the book of Psalms. Okay. Well, you know, this is – I mean, you've taken me by surprise with your arguments here. My contention – I would say you took us by surprise in trying to tell us that when somebody is willing to pay $15,000, the bankruptcy judge is supposed to refuse to let the trustee make the sale, impoverish the estate by $14,999, since the debtor would have kept the dollar under that deal. And you seem to have some theory that if it's really property worth a dollar, that you get to keep it for free, even though, as Judge Easterbrook says, there's an option value, even though particularly in the real estate market, values did sink rather low for a while. But the value of this property perhaps is recovering, and somebody might want to own it precisely with that thought in mind. By the way, when we're talking about the property, are you talking about the LLC or are you talking about the shopping plaza? They're the same, Your Honor. The LLC owns the shopping plaza. No, they're not the same, though. The LLC is a legal entity. And the shopping plaza is an asset that the legal entity owns. Yes, Your Honor. I'm talking about the plaza as the property. You're talking about the underlying plaza. Right. So why are you talking about that? What's the evidence that anybody here has direct ownership of the plaza? It's the LLC that owns the plaza. And it's the... What is it? Here's the veil, so to speak? Right. It's the purchase of the LLC membership interest. It's actually the property, Your Honor. I'm mistaken. So what the property... So it's not the plaza. It's the LLC. It's not the plaza. You're right. It's the purchase of the LLC. But let's take a step back and look where we are. We're at a point where it's a 12B motion to dismiss. So all the facts that are alleged, in other words, the fraudulent scheme... Your Honor, I'm lost. 12B doesn't apply in bankruptcy law, and you can't file a motion to dismiss a contested matter in the court proceeding. There's no such thing. Right. And I'm talking about the district court when we combine... The other case. Right, the other case. Now, in the district court, it is alleged that the... Now, this is a case to set aside the settlement agreement. Am I correct about that? No, this is a case to hold... Because I don't see how she can delete certain parts of the settlement agreement and keep the rest of it. It seems to me this is an all or nothing. Either it's an agreement that is the product of fraudulent inducement on some state theory and the whole thing goes out the window, or she's stuck with it, assuming all along that she is aggrieved at all about anything here, since I guess everything pertaining to her was performed. Your Honor, what's alleged in the complaint is that the bank and the defendant, Pelleas de Gersicks, conspired in a fraudulent scheme to induce Patty Lardis to give up her right to the property and claim. And so what I want to litigate, Your Honor... She doesn't have any right to the property. She has a right... Her nephew apparently had rights to the property. Correct.  Because she gave up her right to a claim against the Gersicks in exchange for a promise that they will give her nephew the property. So the consideration that's supposed to come to her was that her nephew will get the property. Personal satisfaction. And he did, right? He paid Gerchich for his share of the LLC, right? Ultimately, he did not, because the agreement itself was a fraudulent scheme with the bank, Your Honors, and that's what the claim I want to litigate is overwhelming evidence that the bank and the Gersicks conspired and they created a fraudulent scheme to not allow the nephew to have the property past two years, and that's what's alleged in the complaint. You could look at this as a third-party beneficiary where she signed off a contract to benefit her nephew, and the nephew did not get benefit. So you're saying Christophilus has claims against the Gerchichs, right? He does, but he's in the bankruptcy. Were they listed as assets of his bankruptcy estate? Yes, they were, and the Gersicks purchased those assets. And the trustee stands in his position. It doesn't mean his claims have evaporated. It just means that there's a successor in interest, effectively, known as the trustee. They haven't gone. I see my time is up. You can respond to that and then sit down. Your Honor, in effect, when the trustee sells those claims to the Gersicks, who are the defendants and the co-conspirators, Your Honor, then in effect it may be gone because the trustee doesn't have it any longer. Thank you. Okay, thank you. All right, it looks like we have Ms. Stinton first. And you represent the Gersicks, is that right? I do. May it please the Court, Stephanie Stinton on behalf of not only the Gersicks but also the other two defendants in the federal case, Tom Karasik and Amalgamated Bank. And I should note that with respect to those two defendants, they weren't parties to the settlement agreement. There's no allegations that obviously they couldn't breach it. There's no allegations that they made any statements of fraud. So regardless of how this Court rules on Patty Lardis' standing, I think the dismissal with respect to those two defendants should be affirmed. So just to be absolutely clear, you're here on the appeal from Case 14-C-0193, the district court case? Correct, and I will defer to Mr. Grobin for any questions or argument with respect to the bankruptcy. Okay. And so counsel has started to delve into the allegations and the merits of the underlying case, but we're actually here just on Patty Lardis' standing. And the fact is the first requirement in order to establish standing in the federal court is an injury. So why isn't she injured if she signs a settlement agreement that has some provisions that it's pretty clear call upon her to do things that would benefit her and other provisions that are more remote but that may have been inducements for her to sign? Why is she not able to look to those latter provisions? Hypothetically, she may, but we have no injury here. As of today's date, the settlement agreement remains fully performed with respect to all of the parties. What's been alleged in the amended complaint by Ms. Lardis is that there was some scheme by the GERSICs to, over a period of time, somehow orchestrate a default by Danny Christopoulos under separate loan documents that are not at issue today to somehow divest Danny of the 99% interest that he ultimately got out of the settlement agreement. Now, we know that that's not true, and that didn't happen because when Danny filed for bankruptcy, that 99% interest became an asset of the bankruptcy estate. So what she's complaining about never happened. Theoretically, it could have happened, I suppose, but that's not what happened here. There's no injury, and for both the breach of contract, the breach of the settlement agreement, and also the fraud, what she's complaining about is this alleged scheme to divest Danny of his interest, and it never happened. He retained his 99% interest all the way up until the point that he filed for bankruptcy, and then it became an asset of the estate. And the UCC sale never happened either, right? The UCC sale did happen, but it was never confirmed, so it's like it never occurred. Even assuming that everything that she has alleged with respect to that UCC sale was true, ultimately, at the end of the day, Danny retained that interest, and then he filed for bankruptcy. So it all flowed at that point into the bankruptcy procedure. Correct. So what we're dealing with here is no injury. She can't even establish the first prong of standing. So I think getting into the question of is it consideration, is it not consideration, is she able to sue if there was hypothetically a breach, that gets further into the analysis than we need to get. There's no injury. Everyone right now stands in the same position as they did after the settlement agreement was entered into, and it remains fully performed as to all of the parties. There's certainly no allegation by Patty that the lawsuits weren't dismissed or that we've subsequently tried to sue her for any of the claims that were released. So there really is no injury at this point, and I don't think that the analysis needs to get much further than that. If it did, and we went into the other elements of standing, ultimately the claim, which we'll get to the bankruptcy case, those claims against the GERSICs, those were sold. So whatever remedy she's seeking is now unavailable for her. But I think the point of the matter is that there's no injury. The settlement agreement is fully performed. Okay. I think that's what you have to say. That will be fine. We'll hear from Mr. Groban. Maybe you can clarify this jurisdictional aspect of the bankruptcy appeal, Mr. Groban. I'll do my best, Your Honor. I have a passing familiarity with Bullard, and as the Court set a briefing schedule, I don't want to get too far afield or start speculating. But it's my understanding that Bullard deals with the denial of confirmation in a Chapter 13 context. Look, this is not – Bullard is a Chapter 13 case, but it announces principles about the meaning of Section 150AD. That's where we need to go. In fact, Judge Wood talked about the standalone dispute rule. You can find that in Bullard. Yes, Your Honor, I agree. I have the same question. In what sense is this a standalone dispute? Well, Your Honor, I believe Bullard speaks to a change of the status quo, and that's exactly what we have here. We have a sale of bankruptcy assets. We have a bankruptcy judge who has resolved one potential issue on the way to the final decision in the bankruptcy case. And you're surely not arguing – I can't imagine a contention – that every issue is independently appealable. No, Your Honor. That abolishes the distinction between interlocutory and final decisions. So that's why we're looking for how is this a final decision. But I believe that bankruptcy matters are a collection of final decisions, and I think that 157 makes that distinction, and this is one of them. This is a final decision by the Bankruptcy Court and very much distinguishable from a denial of Chapter 13 confirmation. Therein, in the Bullard case, there is no change in the status quo. The debtor was free to bring a new plan and, you know, to argue the merits of that plan. Change in the status quo has anything to do with the definition of a final decision. But we will look forward to the supplemental memos, and one should be looking to see whether the Seventh Circuit has addressed this question from the perspective of is it final, just to say what an exemption will be when the case goes to decision. I will address that in my brief, Your Honor. Turning to the arguments before this Court, the debtor appellant argues that the trustee has some sort of obligation to bring an objection to claim of exemption under the Taylor v. Freeland and Kranz, and that case stands simply for the fact that a deadline to bring these objections exists. The deadline is in 4003B, and the deadline happens to be 30 days after the first meeting of the creditor is concluded. Now, Taylor has been interpreted by courts to give certain red flags, which parties of interest can use to determine when an objection needs to be brought. These red flags are 100% of value, TBD unknown. Some courts have even spoken to an unstated premise within Taylor that when the full value of a scheduled asset is claimed as exempt, that parties of interest are on notice that the entire value is no longer subject to administration by the bankruptcy estate. Now, the Supreme Court clarified this position a little bit in Schwab v. Riley, and in Schwab, a debtor scheduled an asset with a value of $10,718 and claimed exemptions with an aggregate value of $10,718. The trustee therein moved to sell the property, and the debtor objected, saying that, according to the unstated premise in Taylor, that because the full scheduled value is claimed as exempt, there is nothing for the trustee to sell. And the Supreme Court rejected this argument wholeheartedly, and in its rejection gave an impromptu two-part test. The first part of the test asks, you know, is there a dollar certain, and is that dollar certain within applicable statutory limitations? Now, the debtor here claimed his $1 exemption pursuant to the Illinois wildcard statute, 735 ILCS 5-12-1001B, which gives a $4,000 limit to any property the debtor may own. But as I understand it, if the debtor had said zero instead of one, then one of these red flags might have been raised, right? I don't believe so, Your Honor. Zero is still a dollar certain. How about unknown? Well, unknown, absolutely. Fair market value. Yes, and in fact, I think Schwab gives some dicta, and it says... Isn't $1 sort of a symbol for unknown? People will do consideration for $1. I mean, it's just a symbol. Absolutely not, Your Honor. Not here and not according to the Supreme Court. Because the debtor gave a dollar certain, that brings it underneath the statutory limitations test. And yes, it might be an absurd result, but that's not really the burden that the trust needs to bear or the estate creditors need to bear. The fact that the debtor gave a dollar certain, the fact that the aggregate value of all debtors' exemptions underneath the wildcard statute were also below the statutory limitations means that this exemption passes the Schwab test. And even if the trustee was inclined to bring an objection, there's no colorable basis to do it. Now, sometimes, yes. So, is it the trustee's understanding that this is all about Christofelos' interest in the LLC? Well, no, Your Honor. Or is it the underlying asset? Well, no. And that was made clear before the bankruptcy judge a number of times. The trustee is selling two discrete assets, the first being an interest in the Wakanda LLC and the second being the cause of action against the parties in the district court. All right. So the interest in the LLC, is that what went for $15,000? It was combined, Your Honor. There was never an apportionment between the two. And did that sale actually close? I don't believe so because an appeal was taken, Your Honor. But in terms of the owner, we believe that the successful debtors are the owner of the LLC. And it's my understanding that they have taken possession and are managing the LLC and the property owned by the LLC. Does the trustee have the $15,000? I believe so, Your Honor. In what sense, then, is the sale not closed? Well, I couldn't say. It is my understanding that the $1 exemption... Control has changed. Money has changed. Yes, Your Honor. Though it is my understanding that the $1 exemption has yet to be paid. And the court hasn't yet confirmed this? I thought the court gave prior approval to this. Yes, the court entered an order authorizing the sale. So in that term, yes, the court has. Why isn't this moot? I'm sorry, I don't understand the question. Why isn't the sale in general moot? Well, I think because we have these underlying problems regarding the exemption. I think the debtor is attempting to use that as kind of a fishhook to bring this entire sale back into question. I mean, in terms of the sale price, we believe that the debtor has no standing or authority to even broach that subject for the bankruptcy court or this court. I'm trying to understand what relief is being sought here that could still be provided when the sale closed and no stay was sought. In terms of the debtor's relief, I really wouldn't want to speculate. Is it subject to unwinding? I mean, could the bankruptcy court order the trustee to disgorge the $15,000 back to the purchasers and just undo the whole thing? Take over the LLC again? Well, the trustee was never operating this property. The trustee was just the holder of the LLC interest. In terms of the operation of the property between then and now, I don't know. But obviously the trustee would be in a position to disgorge $15,000. If Gertrude just had sold this property, either the LLC interest or something else, there would be a real problem. There could be, but I imagine that the purchasers would have protections underneath good faith purchaser value. Exactly, which is why it would be very difficult for a court to go in and unwind that if they were to dispose of it. Yes, Your Honor. I see that I'm out of time. I have no further questions. No, no further questions. Thank you very much. Mr. Salem, a brief one minute is what you get. Yes, Your Honor. Your Honor, with respect to the UCC sale, it did take place. It was confirmed, and the bank gave the Gersiks $5 million, and they officially recognized the Gersiks as the owners right after the UCC sale. The property, Your Honor, is worth less than $5 million because at the bankruptcy court hearing, I presented the judge with three independent appraisals that the property is less than $5 million. He accepted it but said because the Gersiks are paying $15,000, the property is worth $15,000. That, to me, is perfectly illogical. Thank you, Your Honor. Could I just ask you? I'm sorry, Mr. Salem, but do you want to unwind that sale? Your Honor, I simply want to the LLC membership interest, I want that returned to the Christoffelis. You want to unwind the court-approved sale of Christoffelis' interest in the LLC. Correct. That's what ultimately we're looking for, assuming you get past the jurisdictional question. Because it's not worth anything. Again, Your Honor, we're getting into this philosophical issue here, but the point is what people value may not necessarily always be materialistically based. Thank you, Your Honor. Okay. Thanks to all counsel. We will take the case under advisement.